IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| LaShay Y. McDuffie-Smithson, ) | |
| ) | C/A No. 3:11-0190-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| University of South Carolina School of ) | |
| Medicine; Ms. Pamela Cooper; and Dr. ) | |
| Robert Price, Sr., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff LaShay Y. McDuffie-Smithson, proceeding pro se, filed the within complaint against her former employer, Defendant University of South Carolina School of Medicine; her supervisor, Defendant Robert Price, Sr.; and a coworker, Defendant Pamela Cooper, alleging that she was subjected to racial discrimination and a hostile work environment, and was terminated, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. (Title VII). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling.

On September 15, 2011, Defendants filed a motion for summary judgment. By order filed September 16, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedures and the possible consequences if she failed to respond adequately. Plaintiff filed a response in opposition to Defendants' motion on October 27, 2011.

On July 19, 2012, the Magistrate Judge issued a Report and Recommendation in which she found that (1) Defendants Price and Cooper cannot be held individually liable under Title VII; (2)

Plaintiff failed to show any disparate treatment based on race; and (3) Plaintiff failed to show harassment based on race, or that any harassment was severe or pervasive. The Magistrate Judge further determined that, even if the alleged conduct rose to the requisite standard, the record shows no basis for imputing liability to Defendant University of South Carolina, School of Medicine. Accordingly, the Magistrate Judge recommended that Defendants' motion for summary judgment be granted. Plaintiff filed objections to the Report and Recommendation on August 20, 2012, to which Defendants filed a reply on August 21, 2012.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. This court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id.

In her objections, Plaintiff alleges facts in support of her complaint and states that she cannot properly object to the Report and Recommendation. The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). Nevertheless, the court has thoroughly examined the record. The court adopts the Report and Recommendation and incorporates it herein by reference. Defendants motion for summary judgment (ECF No. 27) is **granted**, and the case dismissed, with

prejudice.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina

August 21, 2012

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**